Elizabeth N. Pendleton IL ARDC No. 6282050
*ependleton@cftc.gov*
William P. Janulis IL ARDC No. 1326449
*wjanulis@cftc.gov*
Rosemary Hollinger IL ARDC No. 3123647
*rhollinger@cftc.gov*
Commodity Futures Trading Commission
525 W. Monroe St., #1100
Chicago, IL 60661
Telephone: (312) 596-0629 (Pendleton)
Telephone: (312) 596-0700 (General)
Facsimile: (312) 596-0714

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| **U. S. COMMODITY FUTURES TRADING COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MICHAEL J. LEIGHTON**<br><br>**Defendant.** | **Case No: CV12-4012 PSG (SSx)**<br><br>~~*[Proposed]*~~ **CONSENT ORDER FOR PRELIMINARY INJUNCTION AND OTHER ANCILLARY RELIEF AGAINST DEFENDANT MICHAEL J. LEIGHTON** |

On May 8, 2012, plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") filed a complaint seeking injunctive and other equitable relief against defendant Michael J. Leighton ("defendant" or "Leighton") for violating the anti-fraud and other provisions of Commodity Exchange Act, as

amended ("Act"), to be codified at 7 U.S.C. §§ 1 *et seq.*,[1] and the Commission's

Regulations ("Regulations") promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.*

(2011).

Defendant, without admitting or denying the allegations of the CFTC's

complaint for the purposes of this Consent Order for Preliminary Injunction and

Other Ancillary Relief ("Order") except as to jurisdiction and venue which he

admits, consents to the entry of this Order and states that the consent is entered

voluntarily and that no promise or threat has been made by the CFTC or any

member, officer, agent or representative thereof, to induce him to consent to this

Order.

**THE PARTIES AGREE AND THE COURT FINDS THAT:**

This Court has jurisdiction over the subject matter of this action and the

defendant hereto pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (2006),

which authorizes the CFTC to seek injunctive relief against any person whenever it

shall appear that such person has engaged, is engaging or is about to engage in any

---

[1] The Commodity Exchange Act, as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008) and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, Pub. L. No. 111-203 ("Dodd-Frank Act"), Title VII (the Wall Street Transparency and Accountability Act of 2010), §§701-774, 124 Stat. 1376 (enacted July 16, 2010).

act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

Defendant acknowledges receipt of the complaint and waives formal service of summons.

Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2006), in that defendant is found in, inhabits, or has transacted business in this district, and the acts and practices in violation of the Act and Regulations have occurred, are occurring, or are about to occur within this district, among other places.

Defendant waives the entry of findings of fact and conclusions of law for the purposes of this Order pursuant to Rule 52 of the Federal Rules of Civil Procedure.

## I.   <u>DEFINITIONS</u>

For the purposes of this Order, the following definitions apply:

"Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts including bank accounts and accounts at financial institutions, brokerage firms or futures commission merchants, credits, receivables, lines of credit, contracts including spot and futures contracts, insurance policies, and all cash, wherever located.

3

The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.   A draft or non-identical copy is a separate document within the meaning of the term.

## II.    INJUNCTIVE RELIEF REGARDING THE ACT AND REGULATIONS GRANTED

### IT IS THEREFORE ORDERED THAT:

Defendant is restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

A.    Cheating or defrauding or attempting to cheat or defraud to any other person, or willfully deceiving or attempting to deceive any other person by any means whatsoever, in violation of Section 4b(a)(1)(A)-(C) of the Act, as amended, to be codified at 7 U.S.C. § 6b(a)(1)(A)-(C); Regulation 180.1(a)(2), to be codified at 17 C.F.R. § 180.1(a)(2);

B.    Employing any device, scheme, or artifice to defraud any participant or prospective participant, or engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any participant or prospective participant, by use of the mails or any means or instrumentality of interstate commerce, in violation of Sections 4o(1)(A), (B) and 6(c)(1) of the Act, 7 U.S.C. §§ 6o(1)(A), (B) and 9 and Regulation 180.1(a), 17 C.F.R. § 180.1(a); and

C.    Acting in any capacity requiring registration with the Commission without the benefit of registration and commingling of pool funds, in

violation of Sections 4m of the Act, 7 U.S.C. § 4m (2006) and Regulation 4.20, 17 C.F.R. § 4.20 (2011).

Defendant is further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

A.    Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29) (2006));

B.    Entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 1.3(hh), 17 C.F.R. § 1.3(hh) (2011)) ("commodity options"), security futures products, and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts") for any personal account or for any account in which they have a direct or indirect interest;

C.    Having any commodity futures, options on commodity futures, commodity options, and/or forex contracts traded on his behalf;

D.    Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, and/or forex contracts;

E.    Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, and/or forex contracts;

F.    Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2011); and

G.    Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2011)), agent or any other officer or employee of any person registered, exempted from registration or required to be

registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2011).

## III.   ADDITIONAL INJUNCTIVE RELIEF GRANTED

**IT IS FURTHER ORDERED THAT:**

### A.   ASSET FREEZE

Defendant is further restrained, enjoined and prohibited, until further order of this Court, from directly or indirectly dissipating, withdrawing, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, converting, removing, transferring, concealing or otherwise disposing of any cash, cashier's checks, funds, assets or other property of, or within the custody, control or actual or constructive possession of, defendant, including, but not limited to, all funds, personal property, money or securities held in any defendant' name, jointly or individually, whether held or maintained in safety deposit boxes, and including all funds or securities on deposit with any firm, bank or savings and loan, financial or brokerage institution, futures commission merchant, corporation, partnership, association, held by, under the actual or constructive control of, or in the name of defendant, jointly or individually, and including any funds or property of defendant's investors, wherever located, whether held in the name of defendant, jointly or individually, or any other entity owned or controlled by defendant, and the assets affected by this paragraph shall include both existing assets and income and assets acquired after the effective date of this Order.

Until further order of this Court, any firm, bank, savings and loan, financial or brokerage institution, futures commission merchant, corporation, partnership, association or other person or entity which holds, controls, or maintains custody of any such funds, securities, assets or other property of any kind held in any defendant' name, either individually or jointly, and who receives notice of this Order by personal service or otherwise, including by Federal Express, United Parcel Service or other commercial overnight service, email or facsimile shall:

1. Prohibit defendant and any other person from directly or indirectly withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such funds, securities or assets or other property except as directed by further order of the Court;

2. Deny defendant and any other person access to any safe deposit box that is titled in the name of defendant, either individually or jointly; or otherwise subject to access by the defendant; and

3. Cooperate with all reasonable requests of the CFTC relating to implementation of this Order, including producing records related to defendant's accounts and defendant's businesses.

**B.  PRESERVATION OF BOOKS AND RECORDS**

Defendant and his agents, servants, employees, successors, assigns, attorneys and all persons insofar as they are acting in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including by Federal Express, United Parcel Service or other commercial overnight service, email or facsimile, are restrained and enjoined from directly or indirectly destroying, mutilating, concealing, altering or disposing of, in any manner, any of

the books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of defendant, wherever located, including all such records concerning the defendant' business operations.

## C.    CFTC ACCESS TO BOOKS AND RECORDS

Defendant shall permit representatives of the plaintiff CFTC to immediately inspect the books, records and other electronically stored data, tape recordings, and other documents of the defendant and his agents, including all such records of defendant's business operations, wherever they are situated and whether they are in the possession of the defendant or others, and to copy said documents, data, and records either on or off the premises where they may be situated and whether they are in the possession of the defendant or others, and to copy said documents, data and records, either on or off the premises where they may be situated.

Defendant and his agents, servants, employees, successors, assigns, attorneys and all persons insofar as they are acting in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly refusing to make available for inspection by the CFTC, when as requested, any books, records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of defendant wherever located, including, but not limited to, all such records of defendant's business operations.

## D.   REQUIRED ACCOUNTING

Defendant shall prepare, sign and file with the Court, within thirty (30) calendar days of the date of this Order, a complete and accurate accounting for the period of January 1, 2008, to the date of such accounting, which shall be no earlier than the date of this Order.  Such accounting shall include, without limitation, the identification of:

1.   All banks, savings and loans, financial or brokerage institutions, or futures commission merchants, including account numbers, which hold or have held funds, securities, commodity interests, assets, liabilities, and other property currently owned or controlled (legally, equitably or otherwise) directly or indirectly by defendant, whether individually or jointly; and whether in his own name or in the name of any entity managed or controlled by defendant, including without limitation the commodity pool Leighton operated from at least July 2008 (the "Leighton pool"), S&P Index Investment LP ("S&PII") and S&P Investment Partnership LP ("S&P Partnership"),

2.   All funds, securities, commodity interests, assets, liabilities, and other property currently owned or controlled (legally, equitably or otherwise) directly or indirectly by defendant, whether individually or jointly, and whether in his own name or in the name of any entity managed or controlled by defendant, including without limitation the Leighton pool, S&PII and S&P Partnership;

3.   All funds, securities, commodity interests, assets and other property received directly or indirectly by defendant, whether individually or jointly, and whether in his own name or in the name of any entity managed or controlled by defendant, including without limitation Leighton pool, S&PII and S&P Partnership, describing the source, amount, disposition, and current location of each listed item;

4.   All funds, securities, commodity interests, assets and other property transferred or otherwise disposed of directly or indirectly by the defendant, describing the source, amount, disposition, and current location of each listed item, including accounts or assets of defendant

held by any bank, savings and loan, financial or brokerage institution, or futures commission merchants located inside and/or outside the territorial United States;

5.    All names and last known addresses, phone numbers, email addresses, telephone numbers and account numbers of defendant's pool participants and other investors, including all deposit and withdrawal dates and amounts; and

6.    The names and last known addresses of each bailee, debtor or other person or entity currently holding any funds, securities, commodity interests, assets or other property owned or controlled (legally, equitably or otherwise) by defendant, whether individually or jointly.

At a minimum, the accounting should also include a chronological schedule of all cash receipts and cash disbursements.  In addition, each transaction shall be classified as business or personal.  All business transactions shall disclose the business purpose of the transaction.  The accounting shall be provided in an electronic format such as Quicken, Excel, or other accounting or electronic format spreadsheet.  In addition, the defendant shall supply true and accurate copies of any balance sheets, income statements, statements of cash flow, or statements of ownership equity previously prepared for the defendant's business(es), and for any commodity pool operated or controlled by defendant.

Defendant shall immediately identify and provide an accounting for all funds, securities, assets and property that are currently maintained outside the United States, including but not limited to, all funds on deposit in any bank, savings and loan, financial or brokerage institution, or futures commission

merchant, including but not limited to, funds, securities and assets held by, under the control of, or in the name of the defendant, whether individually or jointly.

Defendant shall provide the Commission access to all records of defendant held by banks and financial institutions located within or outside the territorial United States by signing a Consent to Release of Financial Records.

Defendant shall immediately take all steps within his power to repatriate all funds, securities, assets and other property held by, under the control of, or in the name of the defendant, whether individually or jointly, outside the United States, including, but not limited to, all funds and securities on deposit in any firms, banks, financial or brokerage institutions, futures commissions merchants, or other financial institutions, by paying them to this Court's Registry or as otherwise ordered by the Court, for further disposition in this case.

## IV.   SCOPE OF ORDER

The injunctive provisions of this Order shall be binding on defendant, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of defendant, and upon any person who receives actual notice of this Order by personal service or otherwise, including by Federal Express, United Parcel Service or other commercial overnight service, email or facsimile, insofar as he or she is acting in active concert or participation with defendant.

## V.   BOND NOT REQUIRED OF PLAINTIFF

**IT IS FURTHER ORDERED** that pursuant to Section 6(c) of the Act, 7 U.S.C. § 13a-1, no bond need be posted by plaintiff CFTC, which is an agency of the United States of America.

## VI.   STAY

**IT IS FURTHER ORDERED** that except by leave of the Court the defendant and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, or in the name of the defendant, including but not limited to, the following actions:

A. Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

B. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of the defendant or any property claimed by the defendant, or attempting to foreclose, forfeit, alter or terminate any of the defendant's interests in property, whether such acts are part of a judicial proceeding or otherwise;

C. Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of the defendant; and

D. Doing any act or thing to interfere with the exclusive jurisdiction of this Court over the property and assets of the defendant. This paragraph does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## VII.  DIRECTIVES TO FINANCIAL INSTITUTIONS

**IT IS FURTHER ORDERED**, pending further Order of this Court, that any bank, savings and loan, financial or brokerage institution, futures commission merchant, business entity, or person that holds, controls, or maintains custody of any account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of the defendant, or has held, controlled, or maintained custody of any account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of the defendant at any time since July 1, 2008, shall:

A.  Provide counsel for the CFTC, within five (5) business days of receiving a copy of this Order, a statement setting forth: (a) the identification number of each and every such account or asset titled in the name, individually or jointly, of the defendant, or owned, controlled, managed, or held by, on behalf of, or for the benefit of the defendant; (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is either titled in the name, individually or jointly, of the defendant or is otherwise subject to access by the defendant; and

B.  Upon request by the CFTC, promptly provide the CFTC with copies of all records or other documentation pertaining to such account or asset, including but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instructions or slips, currency transactions reports, 1099 forms, and safe deposit box logs.

## VIII.  SERVICE OF THE ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including by way of personal service, Federal Express, United Parcel Service or other commercial overnight service, email or facsimile, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of the defendant or that may be subject to any provision of this Order.  Elizabeth N. Pendleton, Melissa Glasbrenner, William Janulis and John Wilson, all employees of the plaintiff CFTC, are hereby specially appointed to serve process, and/or effectuate service of process, including this Order and all other papers in this cause.

## IX.    SERVICE ON THE COMMISSION

**IT IS FURTHER ORDERED** that the defendant shall serve all pleadings, correspondence, notices required by this Order, and other materials on the plaintiff Commission by delivering a copy to Elizabeth N. Pendleton, Senior Trial Attorney or William P. Janulis, Chief Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 525 W. Monroe, Suite 1100, Chicago, Illinois 60661.

## X.    COURT MAINTAINS JURISDICTION

**IT IS FURTHER ORDERED** that this Preliminary Injunction shall remain in full force and effect during the pendency of this case, or until further order of

this Court, upon application, notice and an opportunity to be heard, and that this Court retains jurisdiction of this matter for all purposes related to this action.

### XI.   FURTHER COURT HEARINGS

**IT IS FURTHER ORDERED** that this matter is set for a status hearing on

_____.

**IT IS SO ORDERED**, at Los Angeles California on the __10th__ day of __May__, 2012 at __3:30__ ~~a.m.~~/p.m.

_____
UNITED STATES DISTRICT JUDGE

**CONSENTED TO AND APPROVED BY:**

_____
Michael J. Leighton, Defendant

_____
Edward M. Robinson
Attorney for Defendant
21515 Hawthorne Blvd., Ste. 665
Torrance, CA 90503
(310) 316-9333
eroblaw@aol.com

U.S. Commodity Futures Trading
Commission

_____
Elizabeth N. Pendleton (*pro hac vice*
admission pending)
Senior Trial Attorney
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
(312) 596-0629
ependleton@cftc.gov

William P. Janulis (*pro hac vice*
admission pending)

15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Chief Trial Attorney
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
(312) 596-0545
*wjanulis@cftc.gov*

Rosemary Hollinger (*pro hac vice*
admission pending)
Associate Director
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
(312) 596-0520
*rhollinger@cftc.gov*